UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DONTRELL IVERY,

Plaintiff,

v. Civil Action No. 2:23-cv-00733

WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, CORRECTIONAL OFFICER KEYS, and CORRECTIONAL OFFICER DOES

Defendants.

MEMORANDUM OPINION AND ORDER

Pending are defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss, see ECF No. 3 (Motion to Dismiss), 4 (memorandum of law) (hereinafter "WVDCR Mot."), and defendant Correctional Officer Keys's Partial Motion to Dismiss, see ECF No. 5 (Partial Motion to Dismiss), 6 (memorandum of law) (hereinafter "Keys Mot."), both filed on November 17, 2023. Plaintiff timely responded in opposition to defendant Keys's Motion to Dismiss. See ECF No. 9 ("Pl. Resp.") (filed December 1, 2023). Defendant Keys replied in support of his motion. See ECF No. 10 (filed December 8, 2023). Plaintiff has not opposed defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss.

## I. Background

The following allegations are drawn from the plaintiff's complaint and are regarded as true for the purposes of the motions to dismiss.

Plaintiff Dontrell Ivery ("Ivery" or "plaintiff") is a citizen of West Virginia and was incarcerated at Saint Mary's Correction Center ("Saint Mary's") in Pleasants County, West Virginia, at all times relevant to this complaint. Compl. ¶ 1, 6 ECF No. 1-1. At such times, defendant Keys ("Keys") was employed by defendant West Virginia Division of Corrections and Rehabilitation ("WVDCR") as a correctional officer at Saint Mary's. Id. Unnamed defendant Does were also "employed by" WVDCR. Id.

Plaintiff alleges that, while he was an inmate, he "was on the phone when [Keys] hung up the phone and ordered plaintiff to get on the wall." Id. at ¶ 7. Plaintiff complied, and then, as he turned his head toward Keys, Keys "sprayed plaintiff with OC."[1] Id. At the time he was sprayed, plaintiff had not disobeyed any order; posed no threat; and did not present "any risk to himself, [Keys], or to any state property."

[1] Plaintiff varyingly refers to this substance as "OC" or "OC/pepper spray," without clarifying what the spray actually was. See Compl. ¶ 2, 7, 11, 13. The court understands either description to refer to a type of pepper spray.

Id. ¶ 7, 8.

Plaintiff alleges that "after spraying plaintiff, defendant[2] placed plaintiff in an intake cell where he was left overnight." Id. at ¶ 8. At some unspecified point when he was in the intake cell, plaintiff requested "that he be decontaminated." Id. at ¶ 11. Nonetheless, after being sprayed, plaintiff "was not properly decontaminated and continued to suffer the effects of the spray for days," including "burning of skin, shortness of breath, and impairment of his vision." Id. Defendants "at no time made efforts to decontaminate plaintiff." Id. at ¶ 9; see also id. at ¶ 11.

Plaintiff alleges that this "conduct was unwarranted, unnecessary and unjustified," "carried out with malice," and done "with the intent to inflict unnecessary harm, humiliation, embarrassment, and emotional distress upon" plaintiff. Id. ¶ 11. Plaintiff also alleges that he has "exhausted all administrative remedies." Id. at ¶ 3.

On July 27, 2023, Plaintiff filed this suit against WVDCR, Keys, and the Does in state court, and, on November 13,

[2] The complaint does not specify whether this "defendant" was defendant Keys or a defendant Doe, but context indicates it was defendant Keys.

2023, it was removed to federal court. See ECF No. 1.

Plaintiff alleges three counts: in Counts I and II, which are combined, plaintiff alleges under 42 U.S.C. § 1983 that defendants Keys and the Does used excessive force in violation of the Eighth Amendment and were deliberately indifferent in violation of the Eighth Amendment;[3] and in Count III, plaintiff alleges WVDCR is "vicariously liable for the failure to decontaminate the plaintiff." Id. at ¶ 10-16. Plaintiff seeks compensatory damages from all defendants, and plaintiff seeks punitive damages from defendants Keys and the Does but not from WVDCR. Id. at 16. Though the complaint is far from clear, under a broad reading of Counts I and II, plaintiff appears to allege that defendants Keys and Does used excessive force both when pepper spraying him and when failing to decontaminate him and that the same defendants were deliberately indifferent by failing to decontaminate him. Id. at 10-12.

[3] In alleging Counts I and II, plaintiff varyingly asserts that these causes of actions arise due to "Defendants'" actions, without specifying which defendants he refers to. Compl. ¶ 10-14. Because plaintiff argues he is entitled to "compensatory as well as punitive damages against Defendants," id. at ¶ 14, and later clarifies that he "is not seeking punitive damages from [WVDCR]," id. at ¶ 16, the court believes Counts I and II to be alleged only against Defendants Keys and Does.

## II. Applicable Law

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). A party may test the sufficiency of a pleading by moving under Rule 12(b)(6) to dismiss it for "failure to state a claim upon which relief can be granted." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2006).

In order to defeat a 12(b)(6) motion, a complaint must contain "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. The court, at this early stage, "must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). Further, all reasonable inferences are drawn in favor of the plaintiff. E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011) (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009)). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."

Iqbal, 556 U.S. at 678.

## III. Discussion

### a. WVDCR's Motion to Dismiss

On November 17, 2023, WVDCR filed its motion to dismiss, arguing that plaintiff failed to state a claim because WVDCR cannot be held vicariously liable in Count III under 42 U.S.C. § 1983 and that WVDCR is entitled to qualified immunity to the extent that "[p]laintiff is also alleging that WVDCR was negligent in supervising [Keys]." WVDCR Mot. 4. Plaintiff has not filed a response and this motion is unopposed. Plaintiff has thus conceded WVDCR's arguments therein, though the court will still address them. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (authorizing the district court, after allowing plaintiff an opportunity to respond, to "rule on the [defendant's] motion and dismiss [the] suit on the uncontroverted bases asserted therein."); Blankenship v. Necco, LLC, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D.W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim.").

Defendant WVDCR contends that the court should "dismiss the sole vicarious liability claim against the WVDCR as there can be no successful vicarious liability claim brought pursuant to 42 U.S.C. § 1983." WVDCR Mot. 4. Section 1983 establishes that any "person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]" 42 U.S.C. § 1983. Neither a state nor "public entities and political subdivisions" that are an "arm or alter ego" of a state are "persons" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). WVDCR is thus not a "person" within the meaning of § 1983. See Dorsey v. Bolen, No. 2:21-CV-00222, 2021 WL 4993950, at *3 (S.D.W. Va. Oct. 27, 2021) (collecting cases). Additionally, "there is no respondeat superior liability for state agencies based on claims against its officers [under] § 1983." Bennett v. W. Virginia Div. of Correction & Rehab., No. 2:23-CV-00312, 2023 WL 4353708, at *2 (S.D.W. Va. July 5, 2023).

Here, plaintiff alleges in Count III that WVDCR "is vicariously liable for the failure to decontaminate plaintiff." Compl. ¶ 16. Because there is no respondeat superior liability

for state agencies based on § 1983 claims against its officers, plaintiff has failed to state a valid claim of vicarious liability against WVDCR.

Defendant's argument that plaintiff failed to state a claim of negligent supervision of defendant Keys and the Does because WVDCR is entitled to qualified immunity is not relevant inasmuch as plaintiff did not allege such a claim.

b. Defendant Keys's Partial Motion to Dismiss

Defendant Keys has moved to dismiss only plaintiff's claim of deliberate indifference against him. See generally Keys Mot. Keys argues that plaintiff failed to plead sufficient facts to support a meritorious deliberate indifference claim under § 1983. Id. Keys argues that because Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022), holds that there is no colorable deliberate indifference cause of action under § 1983 when the only claim is that defendant failed to decontaminate plaintiff and plaintiff suffered only the usual transitory effects of pepper spray without more, Keys is entitled to dismissal inasmuch as that is all that plaintiff alleges here. See Keys Mot. 4-5. In response, plaintiff argues Moskos only holds that

a short delay of decontamination from pepper spray is not deliberate indifference, and that district precedent indicates that a multiday delay of decontamination and the injuries complained of herein constitute an Eighth Amendment violation. See Pl. Resp. Keys contends that plaintiff misstates Moskos and overextends in-district authority. See Keys Reply.

To state a claim of deliberate indifference that violates the Eighth Amendment under § 1983, a plaintiff must plead facts that establish (1) an "objective element: a 'deprivation of a basic human need' that is 'sufficiently serious,'" and (2) a "subjective element: 'that the officials acted with a sufficiently culpable state of mind.'" Moskos v. Hardee, 24 F.4th 289, 297 (4th Cir. 2022) (quoting De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013)); see also Beahm v. Young, No. 5:21-CV-00547, 2023 WL 2496393 (S.D.W. Va. Mar. 14, 2023). Here, defendant Keys only argues that plaintiff failed to plead facts that establish the objective component of this analysis.

To establish the objective prong of the deliberate indifference analysis, a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429

U.S. 97, 106 (1976). "Not all medical delays, of course, will meet this standard. . . . A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation." Moskos, 24 F.4th at 297-98. Rather, the objective prong requires the plaintiff to "show that the alleged delay . . . put him at a substantial risk of serious harm, such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298 (internal quotations omitted).

Given its centrality to the defendant's argument, Moskos warrants discussion. There, plaintiff was an inmate in state prison who alleged that prison officials pepper sprayed him and failed to decontaminate him until "90 to 120 minutes" thereafter. 24 F.4th, at 297. He experienced "the usual transitory effects of pepper spray for a period of, at most, 90 to 120 minutes." Id. at 298. He "did not testify to any serious medical reaction . . . or to any pain beyond the normal discomfort of pepper spray," including "that his eyes were burning." Id. at 298. The Fourth Circuit, affirming the district court's judgment as a matter of law in favor of defendants, found that this "short delay in decontamination, without any aggravating factors such as a serious medical reaction," failed to satisfy the objective prong. Id. The

court found that such allegations "do not remotely resemble cases where [the Fourth Circuit has] found the objective prong to be met, as with an inmate who collapsed and subsequently died after the use of pepper spray or an inmate who was denied medical attention for several days while vomiting blood." Id. (internal citations omitted) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Scinto v. Stansberry, 841 F.3d 219, 231-32 (4th Cir. 2016)).

Conversely, Ivery relies on a district court decision that adopted the proposed findings and recommendation of a magistrate judge, where it is found that "[t]he denial of a decontamination shower for a period of days, or even hours, after an inmate is subjected to OC spray can constitute an Eighth Amendment violation." Saunders v. Burton, No. CV 5:21-00322, 2022 WL 8299859, at *16 (S.D.W. Va. June 17, 2022), report and recommendation adopted, No. 5:21-CV-00322, 2022 WL 4484012 (S.D.W. Va. Sept. 27, 2022); see Pl. Resp. 4-5. In Saunders, the plaintiff had specifically pled that he had "been exposed to OC spray and body fluids" from events after he was sprayed, "suffered extreme burning pain," and was denied a shower even after 'the nurse directed officers to provide' one." Id. Further, in support of that claim, the court relied upon a Fourth Circuit case that found potential genuine questions of

material fact as to the plaintiff's deliberate indifference claim where he had been confined "in four-point restraints for eight hours, without permitting him to wash off the mace, use a toilet or receive medical attention." Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996). The Fourth Circuit in Williams did not hold that such action satisfied the objective prong of the deliberate indifference question, but only that a "reliable inference of wantonness" existed where the plaintiff was "screaming in pain as the mace 'burned' his face," "begged and pleaded for water to wash," and was "left helpless and in immense pain for eight hours." Id. at 765.

In this matter, the substance of the complaint is somewhat sparse: plaintiff alleges that he was pepper sprayed "while he was against a wall and posed no threat," that he was left overnight "in an intake unit without proper decontamination," that the "spray caused burning of plaintiff's skin and eyes as well as causing plaintiff to suffer shortness of breath and emotional distress," and that he "was not properly decontaminated and continued to suffer the effects of the spray for days." Compl. ¶ 2, 8. At some unspecified point while in the intake unit, "plaintiff was requesting that he be decontaminated." Id. § 11.

Despite the pleading's dearth of specificity and clarity, the court finds that plaintiff has pled sufficient facts to allege a medical delay that put him "at a substantial risk of serious harm," and his complaint thus satisfies the objective prong of the deliberate indifference inquiry under § 1983. Moskos, 24 F.4th at 298. Though plaintiff only alleged injuries that would be classified as "the usual transitory effects" of pepper spray, he also alleged a multi-day delay before he was decontaminated, which is far longer than the 90 to 120 minute "commonplace medical delay such as that experienced in everyday life" that the Fourth Circuit found insufficient to state a claim of deliberate indifference due to delayed decontamination in Moskos. Id. at 297-298. At the motion to dismiss stage, it is conceivable that the alleged burning of his skin, shortness of breath, and impaired vision placed him at risk of serious harm when suffered for days without decontamination. The court concludes that plaintiff has adequately stated a claim of deliberate indifference in violation of the Eighth Amendment under § 1983 against Defendant Keys.

IV. Defendant Does

In his complaint, plaintiff alleged that certain unnamed other correctional officers at Saint Mary's ("defendant Does"), like Keys, violated his Eighth Amendment rights through the use of excessive force and deliberate indifference. See Compl. 10-14. Plaintiff did not and still has not specified the identity of any defendant Doe or the number of such defendants. Nor has plaintiff certified to the court service or attempted service of any defendant Doe. Though plaintiff has responded to discovery requests by defendants, see ECF Nos. 16, 17, plaintiff has not indicated to the court that he has served any discovery requests of his own.

Federal Rule of Civil Procedure 4(m) "requires the dismissal of defendants who remain unserved ninety days after the filing of a complaint unless 'the plaintiff shows good cause.'" Attkisson v. Holder, 925 F.3d 606 (4th Cir. 2019), as amended (June 10, 2019) (citing Fed. R. Civ. P. 4(m)). It being 244 days since this suit was filed in state court and 135 days since it was removed to federal court, plaintiff is hereby ordered to show cause on or before May 3, 2024, as to why the court should not dismiss this action as to the defendant Does. If plaintiff fails to do so, the court will dismiss without

prejudice all claims against the defendant Does under Rule 4(m).

V. Clarity of the Complaint

The court finds it necessary to note that the joinder of Counts I and II and, at times, the indiscriminate use of the term "defendants" without identification in the complaint has forced the court to surmise the claims and facts alleged and against whom they are pled. Under Federal Rule of Civil Procedure 10(b):

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Plaintiff is hereby directed to file a written response on or before April 15, 2024, as to whether the court has interpreted the complaint correctly in this memorandum opinion and order.

## VI. Conclusion

For the foregoing reasons, the court ORDERS the following:

1. Defendant WVDCR's Motion to Dismiss, ECF No. 3, 4, be, and hereby, is GRANTED in full, and WVDCR is dismissed from this case.
2. Defendant Keys's Partial Motion to Dismiss, ECF No. 5, 6, be, and hereby is, DENIED.
3. Plaintiff is ORDERED to file the response requested by April 15, 2024.
4. Plaintiff is ORDERED to show cause on or before May 3, 2024, as to why the court should not dismiss the defendant Does under Rule 4(m).

The Clerk is requested to transmit this Order and Notice to all counsel of record and to any unrepresented parties.

ENTER: April 4, 2024

John T. Copenhaver, Jr.
Senior United States District Judge